**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| J&M SALES Inc., *et al*, | ) | Case No. 18-11801 (JTD) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| GEORGE L. MILLER, in his capacity as | ) | |
| Chapter 7 Trustee for the jointly | ) | |
| Administered bankruptcy estates of J&M | ) | |
| Sales Inc., *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 20-50223 (JTD) |
| | ) | |
| EXIST, INC., | ) | |
| | ) | |
| Defendant. | ) | **Re: Adv. D.I. 20** |

**MEMORANDUM OPINION AND ORDER**

The Chapter 7 Trustee (the "**Trustee**") commenced this adversary proceeding on January 22, 2020, seeking to avoid and recover certain prepetition transfers made by the Debtors to defendant Exist, Inc. ("**Defendant**") under Sections 547, 548, and 550 of the Bankruptcy Code (the "**Code**"). Following an unsuccessful mediation, the Trustee filed a motion for summary judgment only with respect to his claim under Section 547 (the "**Motion**")[1] asserting that there is no genuine issue of material fact relating to that claim. Defendant argues that there is a material issue of fact regarding its defense that the alleged preferential payments were made in the ordinary course of business. For the reasons discussed below, I agree with Defendant and the Motion is denied.

---

[1] Adv. D.I. 20.

## JURISDICTION & VENUE

The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1409(a).

## ANALYSIS

### I.   LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure, made applicable by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment shall be granted when the moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(a). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) quoting Fed. R. Civ. Proc. 1. In considering whether summary judgment is appropriate, courts may consider pleadings, depositions, documents, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials that would be admissible or usable at trial. *See* Fed. R. Civ. Proc. 56 and 10A Fed. Prac. & Proc. Civ. § 2721 (4th ed.).

When the moving party's evidence shows a lack of genuine issue, the burden shifts to the opposing party to "go beyond the pleadings" and "designate specific facts showing that there is a genuine issue for trial." *See Celotex Corp.,* 477 U.S. at 324-25 (internal quotations omitted). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)

(emphasis in original); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

586 (1986) (non-moving party must "do more than simply show that there is some metaphysical

doubt as to the material facts.").

"As for preference actions specifically, § 547(g) provides that the trustee bears the burden

of proof on the elements of an avoidable transfer enumerated in §547(b) while the defendant

bears the burden of proof on the defenses enumerated in §547(c)." *Miller v. Welke (In re United*

*Tax Grp., LLC)*, Nos. 14-10486 (LSS), 16-50088 (LSS), 2021 Bankr. LEXIS 2436, at *6 (Bankr.

D. Del. Sep. 2, 2021).

## II.    DISCUSSION

Section 547 of the Code provides that the Trustee may avoid:

> Any transfer of an interest of the debtor in property –
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such
>     transfer was made;
> (3) made while the debtor was insolvent;
> (4) made –
>     (A) on or within 90 days before the date of the filing of the petition;
>     (B) between ninety days and one year before the date of the filing of the
>         petition, if such creditor at the time of such transfer was an insider;
>         and
> (5) that enables such creditor to receive more than such creditor would
>     receive if –
>     (A) the case were a case under chapter 7 of this title
>     (B) the transfer had not been made; and
>     (C) such creditor received payment of such debt to the extent provided
>         by the provisions of this title

11 U.S.C. § 547.  The Trustee asserts that he has satisfied all the elements of Section 547 and the

transfer should therefore be avoided.  Defendant does not dispute that the Trustee has stated a

*prima facie* case under Section 547 but argues that there are issues of fact with respect to its

assertion of the ordinary course defense that prevent summary judgment on the Trustee's claim.

Specifically, Defendant argues that a comparison between the past payment history (the

"**Historical Period**") and the payments made within ninety days of the petition date (the

"**Preference Period**") demonstrates that there is a genuine issue of material fact regarding

whether the transfers in the Preference Period were made in the ordinary course of dealings

between the Debtor and Defendant.  I agree.

> Section 547(c) provides that:
>
> The Trustee may not avoid under this section a transfer— (2) to the extent that such transfer was in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee, and such transfer was—
>
>> (A) made in the ordinary course of business or financial affairs of the debtor and the transferee; or
>>
>> (B) made according to ordinary business terms.

11 U.S.C. § 547(c)(2).  Defendant relies on subsection (a), often referred to as the "subjective"

ordinary course test.  See *Sass v. Vector Consulting, Inc. (In re Am. Home Mortg. Holdings,*

*Inc.)*, 476 B.R. 124, 135 (Bankr. D. Del. 2012) ("Section 547(c)(2)(A) represents a subjective

inquiry, which contemplates the normal payment practice between the parties.").  Courts

evaluating an ordinary course defense consider a number of factors, none of which is dispositive,

including: "(1) the length of time the parties engaged in the type of dealing at issue; (2) whether

the subject transfers were in an amount more than usually paid; (3) whether the payments at issue

were tendered in a manner different from previous payments; (4) whether there appears to have

been an unusual action by the debtor or creditor to collect on or pay the debt; and (5) whether the

creditor did anything to gain an advantage (such as gain additional security) in light of the

debtor's deteriorating financial condition." *Id.*  The Trustee argues that the Defendant cannot

establish that the Transfers were made in the ordinary course because they were made later than

payments made during the Historical Period.

4

During the Historical Period the Debtors paid 12 invoices.  While the invoice terms were either Net 60 or Net 180, payments in the Historical Period ranged from 100 to 430 days past the invoice date.  The one invoice paid during the Preference Period, by three separate Transfers, was paid between 354- and 389-days past the invoice date.  The Trustee argues that, applying a "weighted average" analysis, the weighted average days from invoice date to payment date increased from 276 days in the Historical Period to 371 days in the Preference Period, thus precluding an ordinary course defense.[2]  He does not explain why he believes a weighted average analysis is appropriate here.[3]  Defendant argues that application of a weighted average approach improperly skews the data and that I should instead apply a pure range analysis which simply asks whether the payments made during the Preference Period fall within the range established in the Historical Period.  I agree.

In determining the ordinary course of dealings between the parties "[c]ourts place particular importance on the timing of payment." *Sass v. Vector Consulting, Inc. (In re Am. Home Mortg. Holdings, Inc.)*, 476 B.R. 124, 137 (Bankr. D. Del. 2012) quoting *In re Archway Cookies*, 435 B.R. at 243.  "A creditor must establish a baseline of dealings between it and the debtor that can be compared to their dealings during the preference period." *Stanziale v. Superior Techs. Res., Inc. (In re Powerwave Techs.)*, Nos. 13-10134 (MFW), 15-50085 (MFW), 2017 Bankr. LEXIS 1023, at *9 (Bankr. D. Del. Apr. 13, 2017).  "Late payments do not prevent a court from finding that section 547(c)(2)(A) applies when there is a pattern of late payments in both the historical and preference periods, thereby showing their ordinariness."

*Id.*  "Consistency among the payments made is all that is required." *Id.*  "A fact-intensive

---

[2] Brief in Support of Summary Judgment Motion, Adv. D.I. 20 at 18-19.
[3] The Trustee included argument regarding Defendant's likely affirmative defenses in his opening brief but did not file a reply brief in response to Defendant's argument that the weighted average approach should not apply.

analysis is undertaken to decide whether differences in payments are significant enough to preclude the ordinary course of business defense from applying to the transfers at issue." *Id.*

There are a variety of methods that may be applied to determine what the ordinary course of business was in any given case. *Id*. at *12 ("'[T]here is no single formula the [c]ourt must use' when deciding whether preferential transfers were made in the ordinary course of business. A variety of mathematical processes that include the range, averages, and weighted percentages may be appropriate.") (quoting *Menotte v. Oxyde Chem., Inc. (JLS Chem. Corp.)*, 424 B.R. 573, 581 (Bankr. S.D. Fla. 2010)). However, the Trustee has offered no reason why anything other than a pure range analysis is appropriate here. As the Third Circuit has observed, reliance on the average payment time, as is often the case with statistics, may not portray the complete picture of the parties' transaction history. *Troisio v. E.B. Eddy Forest Prods. (In re Glob. Tissue L.L.C.)*, 106 F. App'x 99, 102 (3d Cir. 2004).

Application of a pure range analysis here shows that the Transfers (made on days 354 and 359 post invoice) were made within the Historical Period (with payments made between 100- and 430-days post invoice). This would support the conclusion that the Transfers were made in the ordinary course of the parties' business dealings. Accordingly, the Trustee's Motion for Summary Judgment must be denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

The Motion is **DENIED**.

Dated: March 1, 2022

_____
JOHN T. DORSEY, U.S.B.J.